Ben Allen COX, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–213.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1986.

Silas C. Wolf, Jr., Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Ben Allen Cox, was charged, tried and convicted for the crimes of Conspiracy to Submit a False or Fraudulent Insurance Claim, Count I, and Presenting a False and Fraudulent Insurance Claim, Count II, in Case No. CRF–85–2082 in the District Court of Oklahoma County and was fined four thousand dollars ($4,000) on Count I and one thousand dollars ($1,000) on Count II, and he appeals.

On March 1, 1985, appellant's diesel tractor was stolen by Ronald Wilson, Danny Burge and Tommy Qualls. The three men were arrested and charged with the theft, and all three admitted the crime. However, the three men stated that appellant asked them to steal the tractor for insurance purposes.

Appellant contends that the evidence was insufficient to support his convictions. He argues that the testimony of the three accomplices was not corroborated by independent evidence. We must first determine whether the co-conspirators were accomplices. In *Frye v. State*, 606 P.2d 599, 606 (Okl.Cr.1980), This Court held that:

> To be an accomplice, the actions of the witness must make him a principal pursuant to 21 O.S.1971, § 172. It is well established that if under all the facts of the case the witness could be indicted for the offense with which the defendant stands accused, the witness is an accomplice.

Clearly, the co-conspirators in the instant case could have been indicted for the offense of conspiracy to submit a false or fraudulent insurance claim and were therefore accomplices.

Next, we must determine whether there is sufficient direct or circumstantial evidence to corroborate the testimony of these accomplices. Title 22 O.S.1981, § 742 provides that:

> A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Also, this Court has stated that, "As to the adequacy of corroborative evidence, it must be of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect a defendant to the commission of the offense charged." *Frye* at 606.

In the instant case there is no corroborative evidence to link the appellant to a conspiracy to commit insurance fraud with-

out reference to the testimony of the alleged accomplices. Therefore, the evidence was insufficient to establish appellant's participation in a conspiracy to submit a false or fraudulent insurance claim or that he presented a false or fraudulent insurance claim. Accordingly, we find it unnecessary to address appellant's other assignment of error.

For the above and foregoing reasons, the judgments and sentences are REVERSED and REMANDED with instructions to DISMISS.

PARKS, P.J., and BRETT, J., concur.